UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOEL A. HERNANDEZ,

                Petitioner,                      16-cv-8241 (PKC)
                                                           12-cr-809 (PKC)

                -against-                            MEMORANDUM
                                                             AND ORDER

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Petitioner Joel A. Hernandez, who is proceeding on his own behalf pro se, moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In August 2013, a jury found Hernandez guilty of one count of conspiring to distribute and possess with intent to distribute heroin. This Court sentenced Hernandez to 78 months' imprisonment and five years of supervised release.

        Hernandez now asserts that he did not receive the effective assistance of counsel guaranteed by the Sixth Amendment to the U.S. Constitution. For reasons to be explained, his motion is denied.

BACKGROUND.

        On April 8, 2013, the government filed a single-count superseding indictment against Hernandez. (12 Cr. 809, Docket # 20.) It charged Hernandez with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Id.) The controlled substance involved in the offense was one kilogram and more of

mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 812 and 841(b)(1)(A). (Id.)

Hernandez's trial commenced on July 29, 2013. The government presented evidence that Hernandez conspired to distribute heroin in 2012. Co-conspirators Edy Pena and Jorge Alvarez supplied Hernandez with heroin for resale. Hernandez and Alvarez were arrested as they attempted to buy one kilogram of heroin from an undercover federal agent. Pena was arrested separately. Pena testified against Hernandez as a cooperating witness, stating that he was a heroin wholesaler whose customers included Hernandez and Alvarez.

After a dispute between Pena and Hernandez, Alvarez began looking for another wholesaler. Alvarez came into contact with an undercover agent who was known to him as Ceasar Dupree, and the two began to negotiate a heroin purchase. On July 30, 2012, the undercover agent met Alvarez and Hernandez at a fast food restaurant, to purportedly consummate a heroin transaction. Hernandez remained in the restaurant with the money to be used for the purchase, while Alvarez went outside with the undercover agent purportedly to transfer possession of the heroin. At this point in time police arrested both Hernandez and Alvarez.

Hernandez briefly recalled one of the government's witnesses in an attempt to impeach her and did not present any other evidence.

On August 6, 2013, a jury returned a verdict of guilty as to the single count of the indictment. On May 27, 2014, this Court sentenced Hernandez to 78 months' imprisonment.

Hernandez appealed his conviction to the United States Court of Appeals for the Second Circuit. He argued, among other things, that the court should vacate the judgment because the district court at trial permitted the government to introduce allegedly improper

opinion testimony from law enforcement witnesses and allegedly inadmissible hearsay. See United States v. Hernandez, 604 F. App'x 53 (2d Cir. 2015). The Second Circuit affirmed Hernandez's conviction. Id. at 55.

DISCUSSION.

I. Petitioner's Claim is Time-Barred

Petitioner's claim is time-barred under 28 U.S.C. § 2255(f). Section 2255(f) creates a one-year statute of limitations for motions made under section 2255. The limitation period begins to run on the latest of the following:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"Where a defendant does not seek Supreme Court review, a conviction becomes final when the time to seek such review expires, 90 days from the order affirming the conviction." Gonzalez v. United States, 792 F.3d 232, 234 (2d Cir. 2015). The Second Circuit issued its opinion affirming Hernandez's conviction on May 15, 2015 and its mandate terminating the appeal on June 19, 2015. Hernandez did not seek review of his conviction by the Supreme Court and the judgment became final ninety days later when his time to petition the Supreme Court for a writ of certiorari expired on September 17, 2015. See Clay v. United States, 537 U.S. 522, 524-25 (2003); Rule 13, Sup. Ct. R. Hernandez filed his petition on

October 11, 2016, more than a year later. While Hernandez sent a letter to the Court, received September 8, 2016, (12 Cr. 809, Docket # 77), that he filed a section 2255 petition "[o]n or about September 2015," neither the Court nor the Pro Se Clerk has any record of such a filing and none was docketed, (see 12 Cr. 809, Docket # 78.) No other subsection of 2255(f) applies to this claim.

II.     Petitioner's claim is Meritless

In addition to being untimely, Hernandez's section 2255 petition has no merit. Strickland v. Washington, 466 U.S. 668 (1984), requires a two-part showing to establish ineffective assistance of counsel. First, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To be considered ineffective, the attorney's performance must fall below "an objective standard of reasonableness" under "prevailing professional norms." Id. at 687-88. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. Moreover, "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy . . . ." Massaro v. United States, 538 U.S. 500, 505 (2003).

Hernandez contends that his counsel was constitutionally ineffective on two grounds; first, for not adequately pursuing suppression of evidence uncovered during an

allegedly unconstitutional 2004 traffic stop (ten Ziploc bags containing cocaine and a large amount of cash), and second, by failing to adequately investigate the case before trial. (Pet. at 5.)

Hernandez's contentions lack merit. First, his counsel's decision not to seek to suppress the evidence from the 2004 traffic stop did not fall below an objective standard of reasonableness under prevailing professional norms. In order to challenge a search or seizure, a defendant's legally cognizable privacy interest "must be established by a declaration or other affirmative statement of the person seeking to vindicate his or her personal Fourth Amendment interest in the thing or place searched." United States v. Ulbricht, No. 14 Cr. 68 (KBF), 2014 U.S. Dist. LEXIS 145553, at *16 (S.D.N.Y. Oct. 10, 2014). Thus, in order to challenge the admission of evidence related to the 2004 traffic stop, Hernandez would have to admit to being in possession of the cocaine and cash that was seized. An attorney's decision to forgo moving to suppress evidence from the 2004 traffic stop, when such a challenge would entail his client admitting to possession of the seized cocaine and cash, does not fall below the standards set forth in Strickland.

Neither did counsel's failure to move to suppress prejudice Hernandez, as the government did not introduce any evidence related to the 2004 traffic stop.

Hernandez's conclusory allegation that his attorney failed "to timely and adequately investigate the case," (Pet. at 4), is insufficient to state a claim for relief under section 2255. See Matura v. United States, 875 F. Supp. 235, 237 (S.D.N.Y. 1995) (denying habeas relief where section 2255 petitioner argued ineffective assistance of counsel, alleging his counsel "failed to perform an adequate and timely pre-trial factual and legal investigation," reasoning that "[p]etitioner's bald assertion that counsel should have conducted a more thorough pre-trial investigation fails to overcome the presumption that counsel acted reasonably.")

Neither does Hernandez's cryptic elaboration that the allegedly insufficient investigation related to "a supposed meeting for [a] drug transaction at a hotel room," (Pet. at 4), remedy this deficiency.  See Otero v. Eisenschmidt, No. 01 Civ. 2562 (HB), 2004 U.S. Dist. LEXIS 22439, at *109 n.61 (S.D.N.Y. Nov. 8, 2004) (quoting Parnes v. United States, No. 94 Civ. 6203 (MJL), 1995 U.S. Dist. LEXIS 18881, at *3 (S.D.N.Y. Dec. 21, 1995) ("Vague allegations do not permit the Court to conclude that the alleged errors of Petitioner's counsel fell below 'prevailing professional norms' . . . .").

CONCLUSION.

Hernandez's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.  The Clerk is directed to close the case captioned Hernandez v. United States, 16 Civ. 8241 (PKC).

Hernandez has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011).  His motion was not filed in forma pauperis, and the Court therefore makes no finding pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
May 19, 2017